CURRIE *v.* STATE.

## Opinion delivered March 21, 1910.

1. APPEAL IN FELONY CASE—BY WHOM GRANTED.—Under Kirby's Digest, § § 2588-9, providing that appeals in felonies may be granted by the circuit court or by any judge or judges of the Supreme Court, there is no authority for an appeal in such case to be granted by the circuit judge in vacation. (Page 240.)

2. CRIMINAL LAW—APPEALS.—The act of May 31, 1909 (Acts 1909, p. 890), amending Kirby's Digest, § 6218, providing that where a verdict or decision is rendered within three days of the adjournment of a term of the circuit court, a motion for new trial with alternative prayer for appeal may be presented to the judge after term, has no application to criminal cases. (Page 241.)

Appeal from Jackson Circuit Court; *Charles Coffin,* Judge; appeal dismissed.

*Gustave Jones,* for appellant.

*Hal L. Norwood,* Attorney General, for appellee.

PER CURIAM. Appellant was convicted of felony at the October term, 1909, of the Jackson Circuit Court, and the circuit judge granted an appeal in vacation after the end of the term. The statute regulating appeals to the Supreme Court from judgments of conviction of felonies provides that an appeal may be granted by the "circuit court in which such conviction is had" or by any judge of the Supreme Court "if the court in which such conviction is had shall refuse to grant an appeal." Kirby's Digest, § § 2588-89. The act of March 6, 1899, provides that appeals and writs of error in criminal cases must be taken within sixty days after the judgment of conviction. There is no authority in the statutes for an appeal to be granted by the circuit judge in vacation.

In this instance the circuit judge proceeded under the act of May 31, 1909, which provides in substance that where a verdict or decision is rendered within three days of the adjournment of a term of the circuit court, a motion for new trial, with alternative prayer for appeal, may be presented to the judge or chancellor of the district at any time within thirty days from the date of the verdict or decision, and that on presentation of the motion to such judge or chancellor, if he overrules the mo-

tion, he shall, by indorsement thereon, grant an appeal to the Supreme Court.

This statute amends a section of the Civil Code (Kirby's Dig., § 6218), and has no application to criminal cases. There is a separate provision in the Criminal Code regulating motions for new trial in criminal cases, and the amending act of 1909 does not affect it.

The appeal is therefore dismissed.